UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JOSEPH A. DUGGAN,

    Plaintiff,

v.                                                          3:09-cv-233

SHERIFF J.J. JONES and
DEPUTY ROBERT SUTTON,

    Defendants.

## MEMORANDUM

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Western District of Tennessee, Eastern Division, and transferred to this court without service of process. For the reasons stated below, service of process shall not issue and this action will be **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns an allegation of excessive force during his arrest in Knox County, Tennessee. The defendants are Knox County Sheriff J.J. Jones and Deputy Robert Sutton.

Plaintiff states that after surrendering to police, he was tased for 17 seconds and then kicked in the neck area. Plaintiff does not state the date of the incident, although he states that, as of September 2008, the incident was still under investigation by the Sheriff's Department and the District Attorney General. Plaintiff also does not state the name of the individual who allegedly tased and kicked him.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). As noted, plaintiff does not state who allegedly tased and kicked him, and he does not state what part, if any, that Sheriff Jones or Deputy Sutton played in the alleged violation of plaintiff's civil rights.

Pursuant to the Prison Litigation Reform Act courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted). Therefore, this action will be **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

 s/ Thomas W. Phillips
 United States District Judge